## MOTOR INN CO. v. REVARD.

No. 19984. Opinion Filed June 2, 1931.

Shell Bassett, for plaintiff in error.

J. P. Devine, Gray Carroll, C. H. Jameson, and Wm. F. Latting, for defendant in error.

LESTER, C. J. The parties on appeal will be referred to as they appeared in the court of common pleas of Tulsa county.

The plaintiff from time to time had stored his automobile with the defendant and paid the defendant for such storage. The plaintiff on the night of the injuries complained of had previously left his car with the defendant and procured a ticket from the defendant which purported to be a receipt for said car. Later in the night the plaintiff called at the defendant's place of business and requested that he be furnished a driver for his car that he might be conveyed to the Tulsa Hotel. Thereupon someone apparently in charge of said garage called one Bernard Fullbright, who took charge of said car, and while driving the car en route to the Tulsa Hotel an accident occurred, resulting in damages to the car and personal injuries to the plaintiff. Plaintiff thereafter brought suit against the defendant for damages. Defendant answered by way of a general denial, but admitted that the driver was in their employ on the night of the accident, but denied that the said employee was within the scope of his authority at the time said accident occurred; that his services had merely been given to the plaintiff gratuitously and at the time of the said accident said driver was acting under the instructions of the plaintiff; and that said plaintiff exercised full and com-

plete control and dominion over said driver. Plaintiff filed a reply to the new matters set forth in defendant's answer. Cause was submitted to the jury under instructions of the court, and the jury returned verdict in favor of the plaintiff. Motion for new trial was thereafter filed, which was by the court overruled, and defendant appeals.

It appears from the record and briefs on the part of the plaintiff in error that no serious objection is raised on the question of negligence of the driver. It is insisted, however, that there was not sufficient evidence to justify a submission of the evidence to the jury on the question of whether or not Fullbright was acting within the scope of his authority.

It appears that after the plaintiff had introduced his evidence, the defendant filed a demurrer thereto, which demurrer was by the court overruled, and thereupon the defendant refused to introduce any evidence in its behalf.

It is admitted that Fullbright at the time he entered said car was in the employment of the Motor Inn Company.

Plaintiff below testified that he gave no instructions to the driver as to the manner of driving; that he stated to the driver that he was in no hurry; the car at the time of the accident was being driven at the rate of 35 miles per hour. J. E. Wellborn, who was driving the car which collided with the plaintiff's car, testified that he was driving at the rate of eight miles per hour at the time he was struck by the plaintiff's car; that he first saw the plaintiff's car at a distance of about 100 feet, and almost immediately thereafter he was struck by plaintiff's car.

Fullbright was called as a witness by the plaintiff, but merely stated that he drove the car belonging to the plaintiff in which the plaintiff was riding.

The principal question involved here is whether the employee, Fullbright, was acting within the general scope of his authority and was the agent of the defendant.

In the case of Brownell v. Moorehead, 65 Okla. 218, 165 Pac. 408, this court held:

"A continuing agency may be proven by facts and circumstances tending to show the existence of such agency both prior and subsequent to the date of the transaction. Such facts and circumstances may properly include specific instances of conduct when such instances are sufficiently numerous to base thereon an inference of systematic conduct under substantially similar circumstances so as to be naturally accountable for by a system only and a not casual recurrence. The range of time preceding and subsequent to the events in question, within which such instances should have occurred in order to be admissible in evidence, is generally a matter in the judicial discretion of the trial court. Such circumstantial evidence is admissible even though there be direct testimony denying the existence of the agency."

Garages and automobile hotels are institutions of modern origin and for the general convenience of the public and the services rendered by them include practically every convenience and accommodation for the public in its use of automobiles, and it has become the custom of the garages and automobile hotels to extend their lines of accommodations to the extent of furnishing drivers to customers and to transport the owners of automobiles to their hotels and then return the car to the place of storage; a reasonable charge being made by such garages and automobile hotels for the entire service so rendered.

The plaintiff testified that he was not acquainted with the streets nor the direction leading to the Tulsa Hotel and that he turned the wheel over to the driver of the defendant company; the driver had full control of the speed and direction of travel at the time of the accident.

The defendant refused to offer any evidence to explain the manner of services the driver was rendering at the time of the accident, or whether or not he was under the direction and supervision of the plaintiff, or to contradict any evidence relating to his acts of negligence.

We think that the evidence showed that the driver at the time of the accident was acting as the agent of the defendant in driving the car to the hotel, and that it is also shown by the evidence that the driver was negligent in the manner of driving the car at the time of the accident.

We have examined the instructions of the court, and fail to find any prejudicial error in the instructions submitted by the court to the jury. Neither do we think that the court erred in refusing to submit to the jury instructions offered by the defendant.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.